DECISION AND JUDGMENT ENTRY
{¶ 1} David Reid Dillon, acting as guardian of the estate of Sara McQuaid, appeals the judgment of the Lawrence County Court of Common Pleas, Probate Division, which ordered Sara, through Dillon, to pay fifty dollars a month to the Department of Job and Family Services for her care and support pursuant to R.C. 2151.36. Dillon appeals, asserting that the trial court did not possess jurisdiction to order such payments. Because R.C. 2111.13 specifically provides that the maintenance and education of a ward shall be paid out of the estate of the ward upon the order of the guardian of the person as approved and ordered by the court, we disagree. However, because R.C. 2151.36 relates only to children committed under R.C. Chapter 2151, and further because Sara's guardians were appointed pursuant to R.C. Chapter 2111, we find that the trial court erred in reviewing the request for payments under R.C. Chapter 2151. Dillon also asserts that even if the trial court possesses jurisdiction to order payments by the guardian of the estate, the trial court abused its discretion in ordering the payments because they are not in Sara's best interest. Because the R.C. 2111.14 specifically directs the guardian of the estate both: (1) to manage the estate for the best interest of the ward and, (2) to pay all just debts due from the ward, we disagree. Therefore, we reverse the trial court's order and remand this matter to the trial court to evaluate the request for payments under the provisions of R.C. Chapter 2111.
 I. {¶ 2} Sara was orphaned upon the death of her mother in March of 1997, when she was eleven years old. Various attempts to find a guardian for Sara among her relatives, neighbors, and acquaintances were ultimately unsuccessful. Eventually, Sara was placed in a foster home, where she remains today.
 {¶ 3} Currently, the Lawrence County Department of Job and Family Services ("LCDJFS") possesses legal custody of Sara pursuant to R.C. Chapter 2111. Additionally, the court appointed Dillon to serve as guardian of Sara's estate, also pursuant to R.C. Chapter 2111.
 {¶ 4} In providing for Sara's maintenance and education, the LCDJFS incurs daily expenses. Each month, Dillon receives money for Sara's benefit from Social Security and the Veteran's Administration. The LCDJFS moved for a court order requiring Dillon to turn over to the LCDJFS all monies he receives for Sara's benefit in order to help the LCDJFS defray the costs of Sara's monthly care expenses.
 {¶ 5} The LCDFJS did not cite any statutory authority in support of its motion. Dillon filed an opposing memorandum, asserting that no statutory authority exists pursuant to which the court could order him to turn over Sara's money to the LCDJFS.
 {¶ 6} In considering the LCDJFS's motion, the court applied R.C.2151.36. Specifically, the court found that when a child has been committed pursuant to R.C. Chapter 2151, the court shall issue an order requiring that the parent, guardian, or person charged with the child's support pay for such support. The court went on to determine the amount of support to award the LCDJFS by noting that R.C. 2151.36 requires it to consider the parties' resources. The court ultimately determined that, because the child support guidelines suggest a minimum payment of fifty dollars per month when the parent's annual income is less than $8,400 per year, that Dillon, as guardian of Sara's estate, be required to pay the LCDJFS fifty dollars per month.
 {¶ 7} Dillon appeals, asserting the following assignments of error: "1. The trial court erred in ordering the guardian to pay child support to the Department of Job and Family Services, such order being without statutory authority and beyond the jurisdiction of the court. 2. The trial court abused its discretion in awarding the department child support for its foster care of the ward."
 II. {¶ 8} In his first assignment of error, Dillon asserts that the trial court exceeded the scope of its jurisdiction by ordering him, as the guardian of Sara's estate, to pay the LCDJFS fifty dollars per month. Dillon contends that the court lacks jurisdiction because no statutory authority for such an order exists. The LCDJFS contends that the trial court correctly derived its jurisdiction from R.C. 2151.36, which provides: "When a child has been committed as provided by this chapter, the juvenile court shall issue an order * * * requiring that the parent, guardian, or person charged with the child's support pay for the care, support, maintenance and education of the child." In his reply brief, Dillon counters that R.C. 2151.36 does not apply in this case because the word "guardian" as used in R.C. 2151.36 refers to a guardian of the person, not a guardian of the estate.
 {¶ 9} Our review of the record indicates that Sara was never committed pursuant to R.C. Chapter 2151. Rather, each motion and entry in the record regarding Sara's guardianship contains reference to R.C. Chapter 2111. Therefore, the proper statutory scheme under which the trial court should have evaluated the LCDJFS's motion was R.C. Chapter 2111.
 {¶ 10} The parties agree that the LCDJFS serves as the guardian of the person for Sara. R.C. 2111.13 describes the duties of the guardian of the person when the ward is a minor. These duties include: "* * * (2) To provide suitable maintenance for his ward when necessary, which shall be paid out of the estate of such ward upon the order of the guardian of the person; (3) To provide such maintenance and education for such ward as the amount of his estate justifies when the ward is a minor and has no father or mother, * * * which shall be paid out of such ward's estate upon the order of the guardian of the person * * *." R.C. 2111.13(A). Although these sections authorize the guardian of the person to "order" payments from the ward's estate, R.C. 2111.13(B) provides that "no part of the ward's estate shall be used for the support, maintenance, or education of such ward unless ordered and approved by the court."
 {¶ 11} The parties also agree that Dillon serves as the guardian of the estate for Sara. R.C. 2111.14 describes the duties of the guardian of the estate. These duties include: "* * * (B) To manage the estate for the best interest of the ward; (C) To pay all just debts due from the ward out of the estate in his hands, * * * (D) To obey all orders and judgments of the courts touching the guardianship * * *."
 {¶ 12} Based upon these statutory provisions, we find that the trial court must consider the LCDJFS's motion and determine what amount of Sara's estate it will approve for use for the support, maintenance and education of Sara pursuant to R.C. 2111.13. Dillon must obey the court's order and pay any just debt relating to Sara's support, maintenance and education as approved and ordered by the court.
 {¶ 13} Thus, we overrule Dillon's assignment of error to the extent that he contends that no statutory authority exists for requiring him to provide funds from Sara's estate to offset the costs of her care. However, because the trial court improperly applied R.C. Chapter 2151, instead of R.C. Chapter 2111, we reverse the trial court's decision and remand this matter to the trial court for consideration of the LCDJFS's motion in the context of the properly applicable statutes.
 III. {¶ 14} Dillon also asserts that even if the trial court possessed jurisdiction to order payments from Sara's estate, such payments are not in Sara's best interest. Dillon argues that it is clearly in Sara's best interest to allow her to keep all her assets, and that the LCDJFS's request reflects a greater commitment to the public fisc than to Sara's individual needs.
 {¶ 15} If we were to accept Dillon's argument, the provisions of R.C. 2111.13 and 2111.14 quoted above, which state that the minors' maintenance, education and just debts must be paid out of the estate, would be rendered meaningless. While protecting a child's best interest does involve securing the child's assets to the extent possible, the General Assembly has concluded that it does not require sheltering the assets from use for the child's most basic needs. Therefore, the trial court's order was not contrary to Sara's best interests. While the trial court should consider Sara's best interests when considering the LCDJFS's motion on remand, an order requiring Dillon to use Sara's assets for her support is by no means per se contrary to her best interests. Accordingly, we overrule Dillon's second assignment of error.
 IV. {¶ 16} In conclusion, we sustain Dillon's first assignment of error in part, because the trial court did not possess jurisdiction to order Dillon to make support payments pursuant to R.C. 2151.36. However, we overrule Dillon's first assignment of error in part, because the trial court possesses jurisdiction to order the guardian of the estate to make payments toward the ward's maintenance and education under R.C. 2111.13
and 2111.14. Finally, because an order requiring the guardian of the estate to expend assets for the ward's maintenance and education is not per se contrary to the ward's best interests, we overrule Dillon's second assignment of error.
 {¶ 17} Accordingly, we reverse the judgment of the trial court and remand this matter back to the trial court for consideration of the LCDJFS's motion in the context of R.C. Chapter 2111.
JUDGMENT REVERSED and REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed equally among the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Evans, J. Concur in Judgment only.